IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSSIE GALLIZIA and
RAUL GARCIA,

        Plaintiffs,
v.                                            3:11-CV-1403-O-BK

BAC HOME LOANS SERVICING, LP,

        Defendant.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the district judge's standing order of reference (Doc. 4), this cause came before the undersigned for pretrial management. Defendant filed its *Motion to Dismiss* on July 5, 2011. (Doc. 5). Plaintiffs, who are represented by legal counsel, were required to file their response, if they opposed the relief requested, by July 26, 2011, but they did not do so. *See* Local Rule 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiffs' failure to respond to Defendant's *Motion to Dismiss*, this Court issued an *Order to Show Cause*, warning them that they risked dismissal of their case pursuant to Defendant's motion and/or for failure to prosecute. (Doc. 7). Plaintiffs were ordered to show cause by August 17, 2011, why they did not respond to Defendant's motion to dismiss their case. That deadline has now passed, and Plaintiffs did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiffs failed to respond to Defendant's dismissal motion and failed to comply with this Court's *Order to Show Cause*. Accordingly, this

action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, Plaintiffs concede in their complaint that their action is largely time-barred, and they seek equitable tolling of the statute of limitations on their two federal claims as well as on their state fraud and negligence claims. (Doc. 1-4 at 7-11). Defendant itself has moved for dismissal of Plaintiffs' federal claims on statute of limitations grounds. (Doc. 5 at 3-5). As to Plaintiff's quiet title claim, it appears that the statute of limitations does not expire until February 2015, four years after the recording of Defendant's foreclosure sale deed. *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App. – Fort Worth 2010, rev. den.). Thus, dismissal of this case without prejudice will not unfairly affect Plaintiffs' legal interests. Accordingly, the District Court should dismiss this action without prejudice for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on August 22, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE